**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**TULSA DIVISION**

| | |
|---|---|
| **1) COURTNIE ARNOLD, individually and on behalf of all others similarly situated,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 16-cv-328-GKF-PJC** |
| **1) GENGHIS GRILL** | ) **Judge: Frizzell** |
| **2) GENGHIS GRILL INTERNATIONAL, LLC,** | ) **Magistrate Judge: Cleary** |
| **3) GENGHIS GRILL FRANCHISE CONCEPTS, LP,** | ) |
| **4) CHALAK MITRAS GROUP, LLC,** | ) ***JURY TRIAL DEMANDED*** |
| **5) CMG GENERAL PARTNERS, LLC,** | ) |
| **6) CHALAK-M&M OK1, LLC,** | ) |
| **7) CHALAK-M&M OK2, LLC,** | ) |
| **8) CHALAK-M&M OK3, LLC,** | ) |
| **9) CHALAK-M&M OK4, LLC,** | ) |
| **10) AKASH BHAKTA,** | ) |
| **11) CHETAN BHAKTA,** | ) |
| **12) RONAK PARIKH,** | ) |
| **13) DOE DEFENDANTS 1-10,** | ) |
| **Defendants.** | ) |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Courtnie Arnold ("Plaintiff"), by her undersigned attorney, on her own behalf and on behalf of all others similarly situated, upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, brings this putative collective action against all named Defendants, Genghis Grill, Genghis Grill International, LLC, Genghis Grill Franchise Concepts, LP, Chalak Mitras Group, LLC, CMG General Partners, LLC, Chalak-M&M OK1, LLC, Chalak-M&M OK2, LLC, Chalak-M&M OK3, LLC, Chalak-M&M OK4, LLC, Akash "Al" Bhakta, Chetan "Chet" Bhakta, Ronak Parikh, and Doe Defendants 1-10, (hereinafter collectively referred to as "Defendants") as Defendants form a single enterprise that

acts as a unified entity for the purpose of owning, operating, managing, and/or controlling Genghis Grill restaurants, and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."

3. Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks.

4. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit."

5. However, an employer may not take a "tip credit" when 1) employees are required to contribute to a tip pool that is distributed to other employees who do not regularly and customarily engaged in tipped work; 2) employees are required to perform job tasks unrelated to their tipped occupation; and/or 3) employees are required to spend a substantial amount of their time (20% or more) performing non-tipped job tasks that are related to their tipped occupation.

6. The FLSA further protects employees from "off-the-clock" work, *i.e.,* instances where an employer receives work from its employees without paying their employees' wages for the work performed and where such "off-the-clock" work reduces the employees' pay to a rate that is below that of the applicable minimum wage.

7. As alleged and described more fully below, Defendants violated the FLSA by requiring Plaintiff and others similarly situated to: 1) contribute to an unlawful tip pool, 2) work

"off-the-clock" for no pay which reduced their weekly pay below that of the applicable minimum wage; 3) perform non-tipped job tasks that were unrelated to their tipped occupation while only being paid the tipped minimum wage; and 4) perform non-tipped job tasks that were related to their tipped occupation for a substantial amount of time (20% or more) while only being paid the tipped minimum wage.

**JURISDICTION AND VENUE**

8. This Court has federal-question subject-matter jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

9. This Court has personal jurisdiction over all Defendants because Defendants act as a single enterprise and regularly and systematically conduct business in this District.

10. Upon information and belief, the various Defendants are only mere departments of other Defendants, and are under the complete control of some other Defendants.

11. Defendants exist as a group of interrelated corporate entities whose business is owning, operating, managing, and/or controlling Genghis Grill restaurants.

12. As the true corporate form of Defendants is a single enterprise, with more than $500,000 in annual revenue, which regularly and systematically conducts business within this state, Defendants are properly haled before this Court.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants transact business within this District and some of the actions giving rise to Plaintiff's injuries took place in this District.

**THE PARTIES**

14. Plaintiff Courtnie Arnold ("Plaintiff Arnold") is an individual citizen of the State of Oklahoma. Plaintiff Arnold resides in Tulsa, Oklahoma.

15. Plaintiff Arnold has been employed by Defendants as a bartender and hourly manager at the Genghis Grill restaurant located at 10438 South 82nd East Avenue, Bixby, Oklahoma 74133 and 1619 East 15th Street, Tulsa, Oklahoma 74120, from on or about May 2015 through on or about November 2015.

16. Plaintiff Arnold, having worked at two locations, is familiar with the policies in place at the Bixby and Tulsa Genghis Grill locations.

17. Plaintiff Arnold is a covered employee within the meaning of the FLSA.

18. Plaintiff worked as a non-exempt employee of Defendants.

19. Upon information and belief, Defendant Genghis Grill is a collective conglomerate of the Defendants which owns, operates, controls, and/or manages all Genghis Grill locations.

20. Defendant Genghis Grill International, LLC is a Texas limited liability company with its principal place of business at 18900 Dallas Parkway, Suite 125, Dallas, Texas 75287. Defendant Genghis Grill International, LLC may be served through its registered agent, Akash Bhakta, at 18900 Dallas Parkway, Suite 125, Dallas, Texas 75287.

21. Defendant Genghis Grill Franchise Concepts, LP is a Texas limited partnership with a principal place of business at 18900 Dallas Parkway, Suite 125, Dallas, Texas 75287. Defendant Genghis Grill Franchise Concepts, LP may be served through its registered agent, Chetan Bhakta, at 18900 Dallas Parkway, Suite 125, Dallas, Texas 75287.

22. Defendant Chalak Mitras Group, LLC is a Texas limited liability company with a principal place of business at 18900 Dallas Parkway, Suite 125, Dallas, Texas 75287. Defendant Chalak Mitras Group, LLC may be served through its registered agent, Mr. Manish Patel, at 4901 LBJ Freeway, Suite 150, Dallas, TX 75244.

23. Defendant CMG General Partners, LLC is a Texas limited liability company with its principal place of business at 18900 Dallas Parkway, Suite 125, Dallas, Texas 75287. Defendant CMG General Partners, LLC may be served through its registered agent, Mr. Manish Patel, at 4901 LBJ Freeway, Suite 150, Dallas, TX 75244.

24. Defendant Chalak-M&M OK1, LLC is an Arkansas limited liability company with a principal place of business in Oklahoma. Defendant Chalak-M&M OK1, LLC may be served through its registered agent, Corporation Creations Network Inc., at 609 SW 8th Street, Suite 600, Bentonville, Arkansas 72712.

25. Defendant Chalak-M&M OK2, LLC is an Arkansas limited liability company with a principal place of business in Oklahoma. Defendant Chalak-M&M OK2, LLC may be served through its registered agent, Corporation Creations Network Inc., at 609 SW 8th Street, Suite 600, Bentonville, Arkansas 72712.

26. Defendant Chalak-M&M OK3, LLC is an Arkansas limited liability company with a principal place of business in Oklahoma. Defendant Chalak-M&M OK3, LLC may be served through its registered agent, Corporation Creations Network Inc., at 609 SW 8th Street, Suite 600, Bentonville, Arkansas 72712.

27. Defendant Chalak-M&M OK4, LLC is an Arkansas limited liability company with a principal place of business in Oklahoma. Defendant Chalak-M&M OK4, LLC may be served through its registered agent, Corporation Creations Network Inc., at 609 SW 8th Street, Suite 600, Bentonville, Arkansas 72712.

28. Defendant Akash Bhakta is, upon information and belief, an individual citizen of the state of Texas. Defendant Akash Bhakta is a founding member of the Chalak Mitra Group,

and currently serves in a variety of corporate positions within the Genghis Grill/Chalak Mitras enterprise.

29. Defendant Chetan Bhakta is, upon information and belief, an individual citizen of the state of Texas. Defendant Chetan Bhakta is a founding member of the Chalak Mitra Group, and currently serves in a variety of corporate positions within the Genghis Grill/Chalak Mitras enterprise.

30. Defendant Ronak Parikh is, upon information and belief, an individual citizen of the state of Texas. Defendant Ronak Parikh is a founding member of the Chalak Mitra Group, and currently serves in a variety of corporate positions within the Genghis Grill/Chalak Mitras enterprise.

31. Doe Defendants 1-10 may include other related entities discovered as discovery in this litigation progresses.

32. At all relevant times, Plaintiff Arnold was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

33. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq*., apply to Defendants.

34. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

35. Defendants individually and/or through an enterprise or agent directed and exercised control over Plaintiff Arnold's work and wages at all times relevant to this action.

36. Plaintiff Arnold, in her work for Defendants, was employed by an enterprise engaged in commerce that had, upon information and belief, annual gross sales in excess of $500,000.

## FACTUAL ALLEGATIONS

37. Defendants own, operate, manage, and/or control Genghis Grill restaurants across the United States.

38. Plaintiff was hired by Defendants as a tipped employee, as defined by the FLSA, 29 U.S.C. § 203(t).

39. Despite this, Defendants did not pay Plaintiff Arnold the proper minimum wages for all of the time that she was suffered or permitted to work each workweek.

40. Plaintiff worked for Defendants between May 2015 and November 2015, when Plaintiff began working for another Tulsa restaurant chain. Defendants told Plaintiff that she could no longer work for Genghis Grill because she was taking a management position with another Tulsa restaurant chain.

41. During Plaintiff's employment, she worked at two different Genghis Grill locations – Tulsa and Bixby, both located in Tulsa, Oklahoma. Plaintiff was subject to and observed the same policies and practices at both locations.

42. Consistent with their enterprise-wide policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**DEFENDANTS' TIP POOL VIOLATIONS**

43. Defendants required Plaintiff to contribute to a tip pool.

44. Specifically, Defendants mandated that 4 percent of the tips earned by Plaintiff were to be contributed to the tip pool and paid to other Genghis Grill employees.

45. The tip pool which Plaintiff contributed to, as required by Defendants, included employees who do not customarily and regularly receive tips, despite the scope of the definition of "tipped employee" from 29 U.S.C. § 203(t), and in willful violation of the FLSA, 29 U.S.C. § 206(a).

46. As a result of Defendants' violation of 29 U.S.C. § 206(a), Defendants are disallowed from taking a tip credit from its tipped employees' hourly wages.

47. Accordingly, Plaintiff should have been paid the full hourly minimum wage with no tip-credit reduction, $7.25 per hour.

48. However, as alleged above, Defendants regularly and consistently paid Plaintiff at the tip-credit minimum wage, only $3.63 per hour.

49. Plaintiff is therefore entitled to the difference between the full minimum hourly wage rate and the wage rate paid for all hours Plaintiff worked ($3.62 per hour) and, additionally, the amount of all tips contributed to the illegal tip pool.

50. Plaintiff was subject to and observed tip pool violations at both Tulsa Genghis Grill locations.

**DEFENDANTS' TIP-CREDIT VIOLATIONS**

51. Plaintiff was also paid the tipped wage rate for time spent working before the location was open and after the location was closed, performing tasks that were not related to earning tips, at times when Plaintiff could not earn tips.

52. Defendants engaged in the regular practice of requiring Plaintiff to perform a substantial amount of non-tipped labor.

53. Plaintiff was required to engage in non-tipped labor unrelated to her tipped occupation over the course of her regular workweeks.

54. Further, Plaintiff was required to engage in non-tipped labor related to her tipped occupation.

55. To the extent such non-tipped labor was related to her tipped occupation, it exceed 20% of her regular workweek.

56. Examples of non-tipped labor unrelated to Plaintiff's tipped occupation that Plaintiff performed during her regular workweeks include, but are not limited to: preparatory and workplace maintenance tasks such as taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, breaking down and cleaning the expeditor line, and restocking restrooms.

57. Non-tipped labor related to Plaintiff's tipped occupation included, but is not limited to: preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, rolling silverware, cleaning soft drink dispensers, wiping down tables, setting tables, busing tables, cutting and stocking fruit, stocking ice, taking out trash, scrubbing walls, sweeping floors, restocking to-go supplies, cleaning booths, cleaning ramekins, sweeping, mopping, restocking all stations, washing dishes, and breaking down and cleaning the expeditor line.

58. As a result of Defendants' willful requirement that Plaintiff perform non-tipped labor unrelated to her tipped occupation over the course of her regular workweeks and a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of her regular workweeks, Defendants effectively paid Plaintiff less than the applicable overall minimum wage for such work.

59. Although Plaintiff Arnold should have been paid the full minimum wage, as stated above, Defendants paid her an hourly rate that fell below the minimum wage to which she was entitled, in violation of the FLSA.

60. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law,

and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

61. Upon information and belief, Plaintiff Arnold was paid less than minimum wage on a weekly basis, for multiple workweeks.

62. Plaintiff believes and avers that Defendants owe her unpaid wages for each and every workweek during which she was employed by Defendants. Furthermore, as Defendants have failed to keep complete and accurate time records, Plaintiff may establish the hours worked by her testimony and the burden of overcoming such testimony shifts to Defendants.

63. Finally, Plaintiff was subject to and observed tip credit violations at both Tulsa Genghis Grill locations.

**DEFENDANTS' STRAIGHT TIME MINIMUM WAGE VIOLATIONS**

64. Defendants also regularly and consistently required Plaintiff Arnold to "clock out" yet continue to perform non-tip-earning duties and/or remain on the premises in order to avoid incurring excessive and/or overtime labor costs, in willful violation of the FLSA.

65. As a result, Defendants failed to compensate Plaintiff Arnold minimum wage for all hours worked, in violation of 29 U.S.C. § 206(a).

66. From approximately May 2015 to November 2015, Plaintiff was regularly and consistently required to perform "off-the-clock" work approximately two hours per shift while "off-the–clock."

67. For example, at least, each Sunday Plaintiff had to work "off-the-clock" for approximately two hours after the restaurant closed.

68. Defendants engaged in the regular practice of willfully failing to pay Plaintiff for all time that Plaintiff worked while "off-the-clock."

69. Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff to work.

70. As such, Plaintiff's time records, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work.

71. Defendants utilized an online/electronic system for providing access to Plaintiff's paycheck stubs.

72. After Plaintiff's employment with Defendants ended, Defendants terminated Plaintiff's ability to access her paycheck stubs.

73. This action effectively prevents Plaintiff from pinpointing exact hours worked during specific weeks, and whether or not Plaintiff was properly paid for a given workweek.

74. Due to the allegations set forth above, Defendants failed to furnish Plaintiff Arnold with accurate statements of wages, hours worked, rates paid, gross wages, and the claimed tip allowance.

75. Plaintiff was subjected to and observed minimum wage violations at both Tulsa Genghis Grill locations.

**SUMMARY OF DEFENDANTS' ALLEGED VIOLATIONS**

76. Plaintiff alleges four different violations of the FLSA by Defendants.

77. Plaintiff believes and avers that Defendants owe her unpaid wages for each and every workweek during which she was employed by Defendant because Defendants violated the FLSA by requiring Plaintiff and others similarly situated to: 1) contribute to an unlawful tip pool, 2) work "off-the-clock" for no pay which reduced their weekly pay below that of the applicable minimum wage; 3) perform non-tipped job tasks that were unrelated to their tipped occupation while only being paid the tipped minimum wage; and 4) perform non-tipped job tasks that were

related to their tipped occupation for a substantial amount of time (20% or more) while only being paid the tipped minimum wage.

78. Plaintiff was subject to the same company-wide policies and practices and same FLSA violations at 2 separate Genghis Grill locations, even though the locations were "separate" limited liability companies.

79. Additionally, other Genghis Grill restaurants operate using the same company-wide policies and practices, as similar lawsuits have been filed in Arizona, Georgia, Texas, and Arkansas.[1]

80. These allegations further show the overarching, nationwide minimum wage policies and practices that are endemic to the entire Genghis Grill enterprise and have harmed all similarly situated employees of Genghis Grill.

## COLLECTIVE CLASS ACTION ALLEGATIONS

81. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and a two FLSA Collective Classes and on Rule 23 Subclass, encompassing persons similarly situated to plaintiff and seeking relief, and defined as:

> **The FLSA Tip-Credit Collective Class**
> All current and former workers employed by Defendants who were paid at a sub-minimum wage rate or had to contribute to a tip pool within three years preceding the date of conditional certification of this action through final judgment in this matter, and who elect to opt into this action;

[1] *Collins v. Chalak-MMT PV LLC et al*, Case No. 2:15-cv-02158 (D. Ariz.); *Elezovic et al v. Chalak-Carroll Buford, LLC*, Case No. 1:16-cv-00532 (N.D. Ga.); *Fulton v. Chalak Restaurants, Inc. et al*, Case No. 5:09-cv-00673 (W.D. Tex.); and *Israsena et al v. Chalak M&M AR1 LLC et al*, Case No. 4:15-cv-00038 (E.D. Ark.).

**The FLSA Minimum Wage Collective Class**
All current and former non-exempt hourly paid employees who were required to work "off–the-clock and therefore were not properly paid minimum wage for all hours worked in a workweek within three years preceding the date of conditional certification of this action through final judgment in this matter, and who elect to opt into this action;

**The Oklahoma Rule 23 Subclass**
All current and former hourly-paid, non-exempt employees who provided labor to Defendants, were not paid or were underpaid by Defendants for this labor, and because of the circumstances created by Defendants payment policies and practices, Defendants retention of the benefit conferred by the Oklahoma Rule 23 Subclass members would be unjust.

The FLSA Tip-Credit Collective Class and The FLSA Minimum Wage Collective Class are collectively referred to herein as the "Classes," unless otherwise indicated. The Oklahoma Rule 23 Subclass is referred to as the "Subclass" unless otherwise indicated. Plaintiff reserves the right to add, amend, modify, or further define the Classes or Subclass and/or to move for certification of a class or classes defined differently than set forth above depending on the facts or law as discovered in this action.

82. Plaintiff asserts claims against Defendants individually and on behalf of all Class members for violations of the law as set forth below.

83. The members of the Classes are ascertainable from objective criteria.

84. If necessary to preserve the case as a collective or class action, the Court itself can redefine the Classes, create additional subclasses, or both.

85. The requirements of Rule 23(a) are satisfied for the proposed classes because the members of the proposed classes are so numerous and geographically dispersed that joinder of all its members is impracticable.

86. Upon information and belief there are more than 50 Subclass members.

87. Therefore, the "numerosity" requirement of Rule 23(a)(1) is met.

88. The commonality requirement of Rule 23(a)(2) is satisfied because there are questions of law or fact common to Plaintiff and the other members of the proposed Subclass that predominate over questions affecting only individual members of Subclass. Among those common questions of law or fact are, but are not limited to, the following:

a. whether Plaintiff and Subclass members provided labor to Defendants for which Plaintiff and Subclass members were unpaid or underpaid;

b. whether Defendants received a benefit from not paying or underpaying Plaintiff and Subclass members for time that Plaintiff and Subclass members were working;.

c. whether there were common conditions and circumstances that would make it unjust for Defendants to retain the benefit without paying Plaintiff and Subclass members for the benefit they conferred;

d. whether Defendants are guilty of unjust enrichment;

e. whether Defendants made unlawful deductions from wages paid to Plaintiff and Subclass Members; and

f. whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Subclass Members, and other records required by law.

89. Plaintiff's claims are typical of the claims of the proposed classes that she seeks to represent, as described above, because they arise from the same course of conduct and policies and procedures of Defendants and are based on the same legal theories. Further, Plaintiff has sustained legal injuries arising from Defendants' conduct, as alleged herein, and Plaintiff seeks the same forms of relief for herself and the proposed classes. Therefore, the "typicality" requirement of Rule 23(a)(3) is satisfied.

90. Because her claims are typical of the proposed classes that Plaintiff seeks to represent, Plaintiff has every incentive to pursue those claims vigorously. Plaintiff has no conflicts with, or interests antagonistic to, the proposed classes. Plaintiff, a victim of Defendants' unlawful pay practices and unjust conduct, is committed to the vigorous prosecution of this

action, which is reflected in their retention of competent counsel experienced in complex and challenging litigation.

91. Plaintiff's counsel satisfies the requirements of Rule 23(g) to serve as counsel for the proposed class. Plaintiff's counsel (a) has identified and thoroughly investigated the claims set forth herein, (b) has been in the past, and is currently, involved in complex wage-and-hour litigation; (c) has extensive knowledge of the applicable law; and (d) is committed to the vigorous prosecution of this action on behalf of the proposed class. Accordingly, Plaintiff satisfies the adequacy of representation requirements of Rule 23(a)(4).

92. In addition, this action meets the requirements of Rule 23(b)(2). Defendants have acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed classes, making declaratory relief with respect to the proposed classes appropriate.

93. This action also meets the requirements of Rule 23(b)(3). Common questions of law or fact, including those set forth above, exist as to the claims of all members of the proposed classes and predominate over questions affecting only individual class members, and a class action is the superior method – if not the only method – for the fair and efficient adjudication of this controversy.

94. Additionally, Collective Class treatment will permit large numbers of similarly-situated non-exempt hourly and tipped workers to prosecute their respective claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would produce.

95. Further, by prosecuting this case as a collective class action, collective class members, who may be current employees of Defendants', may receive just compensation for the

work performed for Defendants without fear of retaliation for seeking just compensation individually.

96. Moreover, notice may be provided to members of the proposed class by including notice with each potential class members paycheck stub, first-class mail to addresses maintained for each employee by Defendants, and through the alternative means, including electronic mail (email), social network posting (*i.e.*, Facebook posts), and job-site postings.

97. Finally, the collective and class action is an appropriate method for the fair and efficient adjudication of this controversy given the following:

a. all putative class and subclass members are "similarly situated," in that, at least, Defendants utilized a company-wide compensation policy and practice whereby tipped workers were paid the tipped minimum wage for all hours worked regardless of the duties performed or the ability to earn tips, tipped-workers have to contribute to an illegal tip pool, and workers are forced to work "off-the-clock" and are not paid, resulting in Defendants failure to pay minimum wage for all hours worked in a workweek. Plaintiff Arnold saw the same policy and practice enforced at both the Tulsa and Bixby Genghis Grill locations even though there were different managers at each store;

b. common questions of fact and law predominate over any individual questions that may arise, such that the class action mechanism is superior to other available means for the fair and efficient adjudication of this dispute;

c. there will be enormous economies to the Court and the parties in litigating the common issues in a class action instead of individual claims;

d. class treatment is required for optimal resolution of this matter and for limiting the court-awarded reasonable legal expenses incurred by class members;

e. if the size of individual class members' claims are small, their aggregate volume, coupled with the economies of scale in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with the cost of individual litigation; and

f. the trial of this case as a class action will be fair and efficient because the questions of law and fact which are common to the Plaintiff, the FLSA Tip-Credit Collective Class, The FLSA Minimum Wage Collective Class, and the Subclasses predominate over any individual issues that may arise.

**CLAIMS FOR RELIEF**

**COUNT I**

**ON BEHALF OF THE FLSA TIP-CREDIT COLLECTIVE CLASS**
**FAIR LABOR STANDARDS ACT – ILLEGAL TIP POOLING ARRANGEMENT**

98. Plaintiff incorporates by reference all allegations in all preceding paragraphs as is fully set forth herein.

99. Defendants required Plaintiff and members of the FLSA Tip-Credit Collective Class to participate in a tip-pooling arrangement wherein Plaintiff and members of the FLSA Tip-Credit Collective Class were required to contribute to a tip pool that included employees who do not customarily and regularly receive tips, despite the scope of the definition of "tipped employee" contained within 29 U.S.C. § 203(m), and in willful violation of the FLSA, 29 U.S.C. 206(a).

100. Plaintiff and members of the FLSA Tip-Credit Collective Class were paid at the tip-credit minimum wage.

101. Each and every workweek Plaintiff and members of the FLSA Tip-Credit Collective Class worked for Defendants, Plaintiff and members of the FLSA Tip-Credit Collective Class were required to distribute a portion of their earned tips to back-of-the-house, non-tipped employees, in violation of 29 U.S.C. § 203(m).

102. As a result of Defendants requirement that Plaintiff and members of the FLSA Tip-Credit Collective Class participate in an illegal tip pooling arrangement, Defendants are

disallowed entirely from taking a tip credit from its tipped employees' hourly wages, including Plaintiff and the members of the FLSA Tip-Credit Collective Class.

103. Plaintiff and members of the FLSA Tip-Credit Collective Class are therefore entitled to the difference between the full minimum hourly wage rate and the wage rate paid for all hours Plaintiff and members of the FLSA Tip-Credit Collective Class worked and, additionally, the amount of all tips Plaintiff and members of the FLSA Tip-Credit Collective Class contributed to the illegal tip pool.

104. Defendants have willfully violated the FLSA by not paying proper wages to Plaintiff and members of the FLSA Tip-Credit Collective Class, and, upon information and belief, continue to willfully violate the FLSA by not paying proper wages to FLSA Tip-Credit Collective Class members.

105. Due to Defendants' companywide illegal wage practices, Plaintiff and members of the FLSA Tip-Credit Collective Class are entitled to recover from Defendants compensation for the difference between the full minimum hourly wage and the tip-credit minimum wage for all hours worked for Defendants, the amount of all tips contributed to the illegal tip pool, and additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT II

## ON BEHALF OF THE FLSA MINIMUM WAGE COLLECTIVE CLASS FAILURE TO PAY MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT

106. Plaintiff incorporates by reference all allegations in all preceding paragraphs as is fully set forth herein.

107. Defendants regularly and consistently required Plaintiff and members of the FLSA Minimum Wage Collective Class to clock out, yet continue to perform non-tip-earning duties and/or remain on the restaurant premises in order to avoid incurring excessive and/or overtime labor costs.

108. Defendants intentionally failed and/or refused to pay Plaintiff and members of the FLSA Minimum Wage Collective Class minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff and members of the FLSA Minimum Wage Collective Class worked for Defendant, for the duration of their employment, in violations of 29 U.S.C. § 206(a).

109. As a result of Defendants' willful failure to compensate Plaintiff and members of the FLSA Minimum Wage Collective Class the applicable minimum wage for all hours worked, Defendants violated the FLSA.

110. As such, full minimum wage is owed to Plaintiff and members of the FLSA Minimum Wage Collective Class for time Plaintiff and members of the FLSA Minimum Wage Collective Class were suffered or permitted to work "off-the-clock."

111. Defendants knew that – or acted with reckless disregard as to whether their failure to pay to Plaintiff and members of the FLSA Minimum Wage Collective Class the full minimum wage for time spent performing non-tipped labor and/or requiring Plaintiff and members of the FLSA Minimum Wage Collective Class to remain on restaurant premises would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and other similarly situated FLSA Minimum Wage Collective Class members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

112. Defendants have willfully violated the FLSA by failing to pay Plaintiff and members of the FLSA Minimum Wage Collective Class a wage equal to or greater than minimum wage for time Defendants required Plaintiff and members of the FLSA Minimum Wage Collective Class to perform non-tipped labor and/or remain on the premises while "off-the–clock," and Defendants continue to willfully violate the FLSA by requiring FLSA Minimum Collective Class members to perform non-tipped labor and/or remain on the premises while "off-the-clock."

113. Plaintiff and members of the FLSA Minimum Wage Collective Class are therefore entitled to compensation for the difference between wages paid and the minimum wage at an hourly rate to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

**COUNT III**

**ON BEHALF OF THE FLSA TIP CREDIT COLLECTIVE CLASS**
**FLSA TIP CREDIT VIOLATION – NON-TIPPED LABOR**
**UNRELATED TO TIPPED WORK**

114. Plaintiff incorporates by reference all allegations in all preceding paragraphs as is fully set forth herein.

115. Defendants intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook § 30d00(e) by requiring Plaintiff and members of the FLSA Tip-Credit Collective Class in a given workweek, and during each and every workweek Plaintiff and members of the FLSA Tip-Credit Collective Class were employed by Defendants, to perform non-tipped labor unrelated to her tipped occupation over the house of her regular workweek, while paying Plaintiff and members of the FLSA Tip-Credit Collective Class at the tip-credit rate.

116. Defendants intentionally failed and/or refused to pay Plaintiff and members of the FLSA Tip-Credit Collective Class the full applicable minimum wage according to the provisions of the FLSA for time spent performing non-tipped labor unrelated to the tipped occupation over the course of a given workweek, for each and every workweek that Plaintiff and members of the FLSA Tip-Credit Collective Class were employed by Defendants, in violation of 29 U.S.C. § 206(a).

117. As such, full applicable minimum wage for such time Plaintiff and members of the FLSA Tip-Credit Collective Class performed non-tipped labor unrelated to the tipped occupation over the course of the regular workweek is owed to Plaintiff and members of the FLSA Tip-Credit Collective Class for each and every workweek they were employed by Defendants.

118. Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff and members of the FLSA Tip-Credit Collective Class the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and FLSA Tip-Credit Collective Class members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

119. Plaintiff and members of the FLSA Tip-Credit Collective Class are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT IV**

**ON BEHALF OF THE FLSA TIP-CREDIT COLLECTIVE CLASS FLSA TIP CREDIT VIOLATION – NON-TIPPED LABOR RELATED TO TIPPED WORK IN EXCESS OF 20% OF WORKTIME**

120. Plaintiff incorporates by reference all allegations in all preceding paragraphs as is fully set forth herein.

121. Defendants intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq*., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiff and members of the FLSA Tip-Credit Collective Class in a given workweek, and during each and every workweek Plaintiff and members of the FLSA Tip-Credit Collective Class were employed by Defendants, to perform non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of their regular 40-hour workweek, while paying Plaintiff and members of the FLSA Tip-Credit Collective Class at the tip credit rate.

122. Defendants intentionally failed and/or refused to pay Plaintiff and members of the FLSA Tip-Credit Collective Class the full applicable minimum wage according to the provisions of the FLSA for time spent performing non-tipped labor related to the tipped occupation in excess of twenty percent (20%) of a given workweek, for each and every workweek that Plaintiff and members of the FLSA Tip-Credit Collective Class were employed by Defendants, in violation of 29 U.S.C. § 206(a).

123. As such, full applicable minimum wage for such time Plaintiff and members of the FLSA Tip-Credit Collective Class performed non-tipped labor related to the tipped occupation in excess of twenty percent (20%) of the regular workweek is owed to Plaintiff and

members of the FLSA Tip-Credit Collective Class for each and every workweek they were employed by Defendants.

124. Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff and members of the FLSA Tip-Credit Collective Class the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and FLSA Tip-Credit Collective Class members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

125. Plaintiff and members of the FLSA Tip-Credit Collective Class are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT V**

**ON BEHALF OF THE OKLAHOMA RULE 23 SUBCLASS**
**UNJUST ENRICHMENT**

126. Plaintiff incorporates by reference all allegations in all preceding paragraphs as is fully set forth herein.

127. Plaintiff, Subclass Members, and all similarly-situated employees, by virtue of providing free labor, have conferred a benefit on Defendants.

128. Defendants have appreciated the benefit conferred by Plaintiff, Subclass Members, and all those similarly situated, by being able to operate their business and provide their services without having to pay for certain integral portions of its labor force's work-time.

129. At least, Defendants use tipped workers making less than minimum wage to fill positions that should be staffed by full minimum wage workers and benefit from having Plaintiff, Subclass Members, and all those similarly situated work off the clock.

130. Defendants have retained this benefit by failing to adequately compensate Plaintiff and others similarly situated for their labor and for continuing to operate its business without compensating employees similarly situated to Plaintiff.

131. Defendants have been able to retain this benefit by maintaining its current business model and its current pay scheme.

132. Under the circumstances set forth above, Defendants retaining the benefit conferred, in the form of free and reduced rate labor, is unjust and inequitable.

133. Plaintiff, Subclass Members, and all those similarly situated have an absence of remedies at law.

134. Because Defendants obtained this benefit at the expense of Plaintiff and Subclass Members through unlawful and inequitable conduct, Defendants are obligated to disgorge back to Plaintiff and Subclass Members all amounts by which Defendants have been unjustly enriched at Plaintiff and Subclass Members expense.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all others similarly situated, pray for relief as follows:

A. an order from the Court certifying the FLSA Tip-Credit Collective Class and the FLSA Minimum Wage Collective Class identified herein as an FLSA collective action;

B. an order from the Court certifying the Oklahoma Rule 23 Subclass as a Rule 23 class action;

C. an order from the Court awarding Plaintiff and Class members their unpaid wages in an amount to be proven at trial;

D. an order from the Court awarding Plaintiff and Class and Subclass members compensatory damages in an amount to be proven at trial;

E. an order from the Court awarding Plaintiff and Class and Subclass members liquidated damages in an amount set by applicable law and to be proven at trial;

F. an order from the Court directing Defendants to disgorge back to Plaintiff and Subclass Members all amounts by which Defendants have been enriched by unlawful and inequitable conduct, in an amount to be proven at trial;

G. an order from the Court awarding Plaintiff and Class and Subclass members pre-judgment and post-judgment interest, as well as reasonable attorneys' and expert-witness fees and other costs as may be available under law; and

H. an order from the Court awarding such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on all issues so triable.

Dated: June 2, 2016

Respectfully submitted,

*/s/ A. Daniel Woska*

A. Daniel Woska, OK Bar No. 9900
WoskaLawFirm, PLLC
722 N. Broadway, Mezzanine
Oklahoma City, OK 73102
Telephone: 405-657-2271
Facsimile: 405-285-7626
Email: awoska@woskalawfirm.com

Brandon M. Wise
THE WISE FIRM LLC
P.O. Box 701
Carlinville, IL 62626
Telephone: 217-710-1403
Email: brandon.wise@thewisefirm.com
*(to be admitted pro hac vice)*

Joseph C. Peiffer
PEIFFER ROSCA WOLF
ABDULLAH CARR & KANE, APLC
201 St. Charles Avenue, Suite 4610
New Orleans, LA 70170
Telephone: 504-523-2434
Facsimile: 504-523-2464
Email: jpeiffer@prwlegal.com
*(to be admitted pro hac vice)*

**ATTORNEYS FOR PLAINTIFF COURTNIE ARNOLD, individually and on behalf of all other similarly situated**