**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **1) COURTNIE ARNOLD, individually and on behalf of all others similarly situated,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 16-CV-328-GKF-PJC** |
| **1) GENGHIS GRILL** | ) **Judge Gregory Frizzell** |
| **2) GENGHIS GRILL INTERNATIONAL, LLC,** | ) **Magistrate Judge Paul Cleary** |
| **3) GENGHIS GRILL FRANCHISE CONCEPTS, LP,** | ) |
| **4) CHALAK MITRAS GROUP, LLC,** | ) |
| **5) CMG GENERAL PARTNERS, LLC,** | ) |
| **6) CHALAK-M&M OK1, LLC,** | ) |
| **7) CHALAK-M&M OK2, LLC,** | ) |
| **8) CHALAK-M&M OK3, LLC,** | ) |
| **9) CHALAK-M&M OK4, LLC,** | ) |
| **10) AKASH BHAKTA,** | ) |
| **11) CHETAN BHAKTA,** | ) |
| **12) RONAK PARIKH,** | ) |
| **13) DOE DEFENDANTS 1-10** | ) |
| **Defendants.** | ) |

**DEFENDANT AKASH BHAKTA'S ANSWER**
**TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

Defendant Akash Bhakta ("Defendant" or "Bhakta") submits the following Answer to Plaintiff's Collective Action Complaint ("Complaint") filed June 2, 2016. Defendant denies each and every allegation set forth in Plaintiff's Complaint unless expressly admitted herein. In support of its Answer, Defendant states as follows:

With regard to the opening Paragraph of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring an action on her own behalf and on behalf of others similarly situated against the named Defendants. Defendant, however, denies that he is a "single enterprise" with

all other named Defendants and denies any liability to Plaintiff for the claims alleged in the Complaint.

## PRELIMINARY STATEMENT

1. With regard to Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring this action alleging violations of the Fair Labor Standards Act ("FLSA"). Defendant, however, denies any liability to Plaintiff under the FLSA and denies that Plaintiff is entitled to the requested relief, or any relief whatsoever.

2. Paragraph 2 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 2 sets forth factual allegations, Defendant denies same.

3. Paragraph 3 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 3 sets forth factual allegations, Defendant denies same.

4. Paragraph 4 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 4 sets forth factual allegations, Defendant denies same.

5. Paragraph 5 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 5 sets forth factual allegations, Defendant denies same.

6. Paragraph 6 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 6 sets forth factual allegations, Defendant denies same.

7. Defendant denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

8. With regard to Paragraph 8 of Plaintiff's Complaint, Defendant admits that subject matter jurisdiction is properly vested in this Court.

9. With regard to Paragraph 9 of Plaintiff's Complaint, Defendant admits that the Court has personal jurisdiction over him. Defendant denies the remaining allegations set forth in Paragraph 9, and specifically denies that he is a "single enterprise" with all other named Defendants.

10. Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. With regard to Paragraph 13 of Plaintiff's Complaint, Defendant admits that venue is proper in the United States District Court for the Northern District of Oklahoma.

## THE PARTIES

14. With regard to Paragraph 14 of Plaintiff's Complaint, Defendant lacks knowledge and information sufficient to admit or deny the residency of Plaintiff, and therefore, denies same.

15. Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. With regard to Paragraph 16 of Plaintiff's Complaint, Defendant lacks knowledge and information sufficient to admit or deny Plaintiff's familiarity with any policies, and therefore, denies same.

17. Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Defendant admits the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Defendant admits the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Defendant admits the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Defendant admits the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendant admits the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. With regard to Paragraph 28 of Plaintiff's Complaint, Defendant admits that he is a citizen of the state of Texas and a founder of Chalak Mitra Group. Defendant denies the remaining allegations set forth in Paragraph 28.

29. With regard to Paragraph 29 of Plaintiff's Complaint, Defendant admits that Chetan Bhakta is a citizen of the state of Texas and a founder of Chalak Mitra Group. Defendant denies the remaining allegations set forth in Paragraph 29.

30. With regard to Paragraph 30 of Plaintiff's Complaint, Defendant admits that Ronak Parikh is a citizen of the state of Texas and a founder of Chalak Mitra Group. Defendant denies the remaining allegations set forth in Paragraph 30.

31. Defendant lacks knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 31 of Plaintiff's Complaint, and therefore, denies same.

32. Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

37. Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies he employed Plaintiff between May 2015 and November 2015. Defendant lacks knowledge and information sufficient to admit or deny the remaining allegations set forth in Paragraph 40, and therefore, denies same.

41. Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 41 of Plaintiff's Complaint, and therefore, denies same.

42. Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

**DEFENDANTS' TIP POOL VIOLATIONS**

43. Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

**DEFENDANTS' TIP-CREDIT VIOLATIONS**

51. Defendant denies the allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of Plaintiff's Complaint.

57. Paragraph 57 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 57 sets forth any factual allegations, Defendant denies same.

58. Defendant denies the allegations set forth in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of Plaintiff's Complaint.

**DEFENDANTS' STRAIGHT TIME MINIMUM WAGE VIOLATIONS**

64. Defendant denies the allegations set forth in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of Plaintiff's Complaint.

67. Defendant denies the allegations set forth in Paragraph 67 of Plaintiff's Complaint.

68. Defendant denies the allegations set forth in Paragraph 68 of Plaintiff's Complaint.

69. Defendant denies the allegations set forth in Paragraph 69 of Plaintiff's Complaint.

70. Defendant denies the allegations set forth in Paragraph 70 of Plaintiff's Complaint.

71. Defendant denies the allegations set forth in Paragraph 71 of Plaintiff's Complaint.

72. Defendant denies the allegations set forth in Paragraph 72 of Plaintiff's Complaint.

73. Defendant denies the allegations set forth in Paragraph 73 of Plaintiff's Complaint.

74. Defendant denies the allegations set forth in Paragraph 74 of Plaintiff's Complaint.

75. Defendant denies the allegations set forth in Paragraph 75 of Plaintiff's Complaint.

**SUMMARY OF DEFENDANTS' ALLEGED VIOLATIONS**

76. With regard to Paragraph 76 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to allege various violations of the FLSA by Defendant. Defendant, however, denies any violation of the FLSA.

77. Defendant denies the allegations set forth in Paragraph 77 of Plaintiff's Complaint.

78. Defendant denies the allegations set forth in Paragraph 78 of Plaintiff's Complaint.

79. Defendant denies the allegations set forth in Paragraph 79 of Plaintiff's Complaint.

80. Defendant denies the allegations set forth in Paragraph 80 of Plaintiff's Complaint.

**COLLECTIVE CLASS ACTION ALLEGATIONS**

81. With regard to Paragraph 81 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring a collective action under the FLSA. Defendant, however, denies that any collective/class action under federal or state law is appropriate in this matter and denies the remaining allegations set forth in Paragraph 81.

82. With regard to Paragraph 82 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to assert claims against the named Defendants individually and on behalf of all Class members for alleged violations of the FLSA. Defendant, however, denies any liability to Plaintiff or others similarly situated under the FLSA or Oklahoma law.

83. Defendant denies the allegations set forth in Paragraph 83 of Plaintiff's Complaint.

84. Paragraph 84 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 84 sets forth any factual allegations, Defendant denies same.

85. Defendant denies the allegations set forth in Paragraph 85 of Plaintiff's Complaint.

86. Defendant denies the allegations set forth in Paragraph 86 of Plaintiff's Complaint.

87. Paragraph 87 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 87 sets forth factual allegations, Defendant denies same.

88. Paragraph 88 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 88 sets forth factual allegations, Defendant denies same.

89. Paragraph 89 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 89 sets forth factual allegations, Defendant denies same.

90. Defendant denies the allegations set forth in Paragraph 90 of Plaintiff's Complaint.

91. With regard to Paragraph 91 of Plaintiff's Complaint, Defendant lacks knowledge and information sufficient to admit or deny the allegations set forth therein, and therefore, denies same.

92. Paragraph 92 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 92 sets forth factual allegations, Defendant denies same.

93. Paragraph 93 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 93 sets forth factual allegations, Defendant denies same.

94. Paragraph 94 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 94 sets forth factual allegations, Defendant denies same.

95. Defendant denies the allegations set forth in Paragraph 95 of Plaintiff's Complaint.

96. Paragraph 96 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 96 sets forth factual allegations, Defendant denies same.

97. Paragraph 97 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent Paragraph 97 sets forth factual allegations, Defendant denies same.

## CLAIMS FOR RELIEF

## COUNT I

## ON BEHALF OF THE FLSA TIP-CREDIT COLLECTIVE CLASS
## FAIR LABOR STANDARDS ACT – ILLEGAL TIP POOLING ARRANGEMENT

98. Defendant incorporates by reference its responses set forth in Paragraphs 1-97 above.

99. Defendant denies the allegations set forth in Paragraph 99 of Plaintiff's Complaint.

100. Defendant denies the allegations set forth in Paragraph 100 of Plaintiff's Complaint.

101. Defendant denies the allegations set forth in Paragraph 101 of Plaintiff's Complaint.

102. Defendant denies the allegations set forth in Paragraph 102 of Plaintiff's Complaint.

103. Defendant denies the allegations set forth in Paragraph 103 of Plaintiff's Complaint.

104. Defendant denies the allegations set forth in Paragraph 104 of Plaintiff's Complaint.

105. Defendant denies the allegations set forth in Paragraph 105 of Plaintiff's Complaint.

**COUNT II**

**ON BEHALF OF THE FLSA MINIMUM WAGE COLLECTIVE CLASS**
**FAILURE TO PAY MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT**

106. Defendant incorporates by reference its responses set forth in Paragraphs 1-105 above.

107. Defendant denies the allegations set forth in Paragraph 107 of Plaintiff's Complaint.

108. Defendant denies the allegations set forth in Paragraph 108 of Plaintiff's Complaint.

109. Defendant denies the allegations set forth in Paragraph 109 of Plaintiff's Complaint.

110. Defendant denies the allegations set forth in Paragraph 110 of Plaintiff's Complaint.

111. Defendant denies the allegations set forth in Paragraph 111 of Plaintiff's Complaint.

112. Defendant denies the allegations set forth in Paragraph 112 of Plaintiff's Complaint.

113. Defendant denies the allegations set forth in Paragraph 113 of Plaintiff's Complaint.

**COUNT III**

**ON BEHALF OF THE FLSA TIP CREDIT COLLECTIVE CLASS**
**FLSA TIP CREDIT VIOLATION – NON-TIPPED LABOR**
**UNRELATED TO TIPPED WORK**

114. Defendant incorporates by reference its responses set forth in Paragraphs 1-113 above.

115. Defendant denies the allegations set forth in Paragraph 115 of Plaintiff's Complaint.

116. Defendant denies the allegations set forth in Paragraph 116 of Plaintiff's Complaint.

117. Defendant denies the allegations set forth in Paragraph 117 of Plaintiff's Complaint.

118. Defendant denies the allegations set forth in Paragraph 118 of Plaintiff's Complaint.

119. Defendant denies the allegations set forth in Paragraph 119 of Plaintiff's Complaint.

**COUNT IV**

**ON BEHALF OF THE FLSA TIP-CREDIT COLLECTIVE CLASS**
**FLSA TIP CREDIT VIOLATION – NON-TIPPED LABOR RELATED**

**TO TIPPED WORK IN EXCESS OF 20% OF WORKTIME**

120. Defendant incorporates by reference its responses set forth in Paragraphs 1-119 above.

121. Defendant denies the allegations set forth in Paragraph 121 of Plaintiff's Complaint.

122. Defendant denies the allegations set forth in Paragraph 122 of Plaintiff's Complaint.

123. Defendant denies the allegations set forth in Paragraph 123 of Plaintiff's Complaint.

124. Defendant denies the allegations set forth in Paragraph 124 of Plaintiff's Complaint.

125. Defendant denies the allegations set forth in Paragraph 125 of Plaintiff's Complaint.

## COUNT V

## ON BEHALF OF THE OKLAHOMA RULE 23 SUBCLASS UNJUST ENRICHMENT

126. Defendant incorporates by reference its responses set forth in Paragraphs 1-125 above.

127. Defendant denies the allegations set forth in Paragraph 127 of Plaintiff's Complaint.

128. Defendant denies the allegations set forth in Paragraph 128 of Plaintiff's Complaint.

129. Defendant denies the allegations set forth in Paragraph 129 of Plaintiff's Complaint.

130. Defendant denies the allegations set forth in Paragraph 130 of Plaintiff's Complaint.

131. Defendant denies the allegations set forth in Paragraph 131 of Plaintiff's Complaint.

132. Defendant denies the allegations set forth in Paragraph 132 of Plaintiff's Complaint.

133. Defendant denies the allegations set forth in Paragraph 133 of Plaintiff's Complaint.

134. Defendant denies the allegations set forth in Paragraph 134 of Plaintiff's Complaint.

135. With regard to Plaintiff's Prayer for Relief, Defendant specifically denies any liability to Plaintiff or others similarly situated and denies that Plaintiff or others similarly situated are entitled to any of the relief requested.

136. With regard to Plaintiff's Demand for Jury Trial, Defendant admits that Plaintiff has requested a jury trial. Defendant, however, denies that a jury trial is appropriate in this matter.

## DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

Defendant sets forth its defenses, including affirmative defenses, as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claims cannot be maintained as an action for individual recovery, because Plaintiff is required to submit her claims to mandatory final and binding arbitration under an arbitration agreement covering her purported claims.

3. Plaintiff's Complaint and each and every purported claim alleged therein brought on a collective, class, or representative basis cannot be maintained as a collective, class, or

representative action because Plaintiff and the putative class members Plaintiff purports to represent are required to individually submit their claims to mandatory final and binding arbitration under arbitration agreements covering their purported claims.

4. Defendant did not employ Plaintiff.

5. Defendant was not sufficiently involved in the day-to-day operation nor did he have direct responsibility for the supervision of Plaintiff to establish individual liability under the FLSA.

6. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations including, but not limited to, 29 U.S.C. § 255.

7. Plaintiff is not entitled to a three-year limitations period because even if Plaintiff were able to prove an alleged violation of the FLSA, which Defendant expressly denies, any such violation was not willful within the meaning of the FLSA.

8. Plaintiff has been paid all sums legally due under the FLSA.

9. Plaintiff is not entitled to recover wages for time that is not compensable work under the FLSA.

10. Plaintiff's claims are barred for hours allegedly worked without her employer's actual or constructive knowledge.

11. Plaintiff is not entitled to recover wages for time that is *de minimis*.

12. Plaintiff is not entitled to relief for preliminary and postliminary acts under the Portal-to-Portal Act.

13. Without assuming any burden of proof, Defendant asserts that any alleged violation of the FLSA was not willful within the meaning of the FLSA.

14. Plaintiff lacks standing to represent any putative collective action.

15. Plaintiff may not maintain this action as a collective action under 29 U.S.C. § 216 because she is not similarly situated to any other employee for purposes of the allegations and claims made in this lawsuit.

16. Plaintiff is an inadequate class representative because of the highly fact-specific and individualized nature of the claims in the Complaint.

17. Defendant reserves the right to assert additional defenses as permitted by the Court.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that the Complaint be dismissed with prejudice and that Defendant be awarded its costs, attorneys' fees and such other relief as may be just and proper.

Respectfully submitted,

s/ Stephanie Johnson Manning
JOHN B. BROWN
Texas Bar No. 00793412
john.brown@ogletreedeakins.com
STEPHANIE JOHNSON MANNING
Oklahoma Bar No. 18741
Texas Bar No. 24099422
stephanie.manning@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX 75225
214.987.3800
214.987.3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2016, I filed the foregoing with the Clerk of the Court using the ECF filing system, which will send notification of such filing to the following:

Daniel Woska
Brandon M. Wise
Joseph Peiffer

s/ Stephanie Johnson Manning
Stephanie Johnson Manning

25301067.1