**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **COURTNIE ARNOLD, individually and on behalf of all others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 16-CV-328-GKF-PJC** |
| **GENGHIS GRILL, *et al*.** | ) | **Judge Gregory Frizzell**<br>**Magistrate Judge Paul Cleary** |
| **Defendants.** | ) | |

**MOTION TO COMPEL ARBITRATION**
**AND BRIEF IN SUPPORT**

Defendants Genghis Grill Franchise Concepts, LP, Chalak-M&M OK1, LLC and Chalak-M&M OK2, LLC, Chalak-M&M OK3, LLC, Chalak-M&M OK4, LLC, Akash Bhakta, Chetan Bhakta, and Ronak Parikh (collectively "Defendants") hereby submit their Motion to Compel Arbitration and Brief in Support as to Plaintiff Courtnie Arnold ("Plaintiff'). Plaintiff executed a Mutual Arbitration Agreement ("Arbitration Agreement") at the commencement of her employment and is contractually obligated to arbitrate her claims against all Defendants in this action. As such, Plaintiff's claims should be stayed pending the completion of arbitration of her claims.

## I.
## INTRODUCTION

Plaintiff is a former employee of the Genghis Grill-brand restaurant in Bixby, Oklahoma operated by Defendant Chalak-M&M OK2, LLC ("OK2"), and the Genghis Grill-brand restaurant in Tulsa, Oklahoma operated by Defendant Chalak-M&M OK1, LLC ("OK1"). Plaintiff seeks to assert wage claims under the Fair Labor Standards Act ("FLSA") pursuant to the Collective Action Complaint ("Complaint").

Plaintiff, however, executed a Mutual Arbitration Agreement ("Arbitration Agreement"), agreeing to submit "all disputes and claims" to arbitration, and further, to "voluntarily waive all rights to trial in court before a judge or jury." Thus, Plaintiff has agreed that an arbitrator – not a court or a jury – must decide whether her claims have any merit. Pursuant to the Arbitration Agreement and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA"), Defendants now move the Court to enter an order compelling Plaintiff to arbitrate her claims, and to stay this action pending arbitration.

## II.
## FACTUAL BACKGROUND

1. Plaintiff was initially hired by OK2 in its Bixby, Oklahoma location on or about June 9, 2015. Plaintiff worked at the Bixby Restaurant for OK2 until on or about July 29, 2015. On or about June 17, 2015, Plaintiff also began working for OK1 at its Tulsa, Oklahoma location. Plaintiff worked at the Tulsa Restaurant for OK1 until on or about December 6, 2015. Plaintiff's paperwork for 2015 was completed through OK2 and Genghis Grill Franchise Concepts, LP ("GGFC"). [Declaration of Nancy Jacobi ("Jacobi Decl."), ¶¶5-6, attached hereto as Exhibit "1"]

2. OK2 (as well as OK1) requires employees to abide by certain policies and procedures as a condition of their employment. Additionally, specific contractual agreements govern the employment of certain employees. Employees access and review these documents using an electronic onboarding portal (the "Electronic Portal"). [Jacobi Decl., ¶¶8-11, Exh. "1"]

3. On June 11, 2015, OK2 issued Plaintiff personal, unique credentials in the form of a user name and password, giving Plaintiff access to the Electronic Portal. [Jacobi Decl., ¶¶14-15, Exh. "1"]

4. That same day, Plaintiff logged into the secure website using her credentials, established her electronic signature, and consented to use the Electronic Portal to review and execute documents. [Jacobi Decl., ¶15, Exh. "1" and Exh. "1-1" thereto]

5. Plaintiff was given the opportunity to review a document entitled "Mutual Arbitration Agreement." Plaintiff accepted the Arbitration Agreement and all of its terms by confirming each paragraph of the Arbitration Agreement and affixing her personal electronic signature at the end of the document. [Jacobi Decl., ¶, Exh. "1" and Arbitration Agreement, Exh. "1-2" thereto]

6. The Arbitration Agreement states that "all disputes…including those relating to, regarding, or in any way connected to [Plaintiff's] employment…shall be determined exclusively by final and binding arbitration," including claims for wages. Thus, the parties expressly waived their right to judicial resolution of covered claims. Further, the parties stipulated that actions to enforce the Agreement and compel arbitration would be governed by the FAA and Texas law. [Arbitration Agreement, ¶¶1-2, Exh. "1-2"]

## III.
## ARGUMENT & AUTHORITIES

### A. Standard of Review

The FAA requires that courts strictly enforce agreements to arbitrate according to their terms. *See Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Questions of arbitrability are resolved in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Contr. Corp.*, 460 U.S. 1, 24 (1983). The FAA preempts any contrary state law, governing all written arbitration provisions appearing in contracts that involve or affect interstate commerce. *See Allied-Bruce Terminix Co. v. Dobson*, 513 U.S. 265, 272-281 (1995) (the FAA's "involving commerce" language is interpreted broadly so as to encompass not only activities "in the flow"

of interstate commerce, but also activities that "affect" interstate commerce); *see also Circuit City Stores Inc. v. Adams*, 532 U.S. 105, 112-119 (2001).

Here, there is no question that Plaintiff was engaged in interstate commerce and that the Bixby and Tulsa Restaurant operations affected interstate commerce. [Class Action Complaint, ¶¶32 and 34 "[a]t all relevant times, Plaintiff Arnold was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*" and "[a]t all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*."] The FLSA's minimum wage provisions apply to employees "engaged in [interstate] commerce." 29 U.S.C. §206(a); *Kirschbaum v. Walling*, 316 U.S. 517, 519 (1942). Further, "[t]he Act imposes its requirements, not on every 'enterprise,' but only on an 'enterprise engaged in commerce or in the production of goods for commerce." *Falk v. Brennan*, 414 U.S. 190, 197 (1973). Indeed, as a general matter, food and beverage supplies for OK1 and OK2 are purchased and shipped from outside the State of Oklahoma, customer credit card transactions are processed outside of the State of Oklahoma, and Plaintiff was paid from accounts outside the State of Oklahoma. [Jacobi Decl., ¶23, Exh. "1"

Where, as here, a plaintiff attempts to litigate claims that fall within the scope of an arbitration agreement, a defendant may move to compel arbitration. *See* 9 U.S.C. § 3; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991). Presented with such a motion, a court must compel arbitration if: (1) there is a valid arbitration agreement; and (2) the instant controversy falls within its scope. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 624-628 (1985); *Brown v. Coleman Co.*, 220 F.3d 1180, 1184 (10th Cir. 2000) (holding that when a contract contains a broad arbitration clause, all matters that touch the underlying contract should be arbitrated). "A motion to compel arbitration should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an

interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960) (internal quotations omitted); *United Steel Workers Local Union No. 348 v. Magellan Midstream Holdings GP, LLC*, ___ Fed. App'x ___, 2016 WL 3409600, at *1 (10th Cir. June 16, 2016).

Because there is a valid, written Arbitration Agreement and Plaintiff's claims fall within that Arbitration Agreement, this court must stay this action and compel the parties to arbitration per the terms of the Arbitration Agreement. *See* 9 U.S.C. § 3 (a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"); *Williams v. Imhoff*, 203 F.3d 758, 764 (10th Cir. 2000).

**B. The Arbitration Agreement is Valid.**

The Arbitration Agreement is enforceable under the FAA if it is a valid contract under Texas law – the law provided in the Arbitration Agreement. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (holding that the question of whether a valid contract to arbitrate has been formed is determined by state contract law); *EEC, Inc. v. Baker Hughes Oilfield Operations, Inc.*, 460 F. App'x 731, 736 (10th Cir. 2012). Because Plaintiff had notice of and accepted the Arbitration Agreement, which was supported by consideration, the contract to arbitrate is valid. *See In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W. 3d 162, 163 (Tex. 2006). Plaintiff accessed and agreed to the terms of the Arbitration Agreement by affixing her personal electronic signature. In so doing, Plaintiff acknowledged that she had read, understood and agreed to the terms of the Arbitration Agreement. Under Texas law, Plaintiff's signature is sufficient to prove that she is bound by the terms of the Arbitration Agreement. *See In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W. at 163; *Holmes v. Air Liquide USA, LLC*, 2012 WL 267194, *3 (S.D. Tex. Jan. 30, 2012) (electronically-signed alternative dispute resolution agreement between

employee and employer was valid under Texas law). Further, the requisite consideration was exchanged when Plaintiff and GGFC (and its affiliates) mutually promised to submit all claims related to Plaintiff's employment to arbitration. *See In re Halliburton Co.*, 80 S.W. 3d 566 (Tex. 2002) (mutual promises to submit all employment disputes to arbitration constituted sufficient consideration, because both parties were bound to the promises to arbitrate). Accordingly, the Arbitration Agreement is valid under Texas law.

**C. Plaintiff's FLSA Claims Fall Within the Scope of the Arbitration Agreement.**

The Arbitration Agreement covers "all disputes and claims … including those relating to, regarding or in any way connected to Employee's employment with Genghis Grill and any separation therefrom." Further, the Arbitration Agreement expressly states that "claims subject to arbitration under this Agreement include, without limitation, claims for … wages." Plaintiff's claims for minimum wages under the FLSA fall squarely within the text of the Arbitration Agreement. Further, FLSA claims, including those alleged as part of a putative collective action, like Plaintiff's, may be compelled to arbitration. *See Gilmer*, 500 U.S. at 26 (agreement to arbitrate statutory claims is enforceable unless the opposing party demonstrates that Congress intended to preclude arbitration or other nonjudicial resolution); Sanchez v. Nitro-Lift Technologies, L.L.C., 762 F.3d 1139 (10th Cir. 2014) (finding the plaintiff's FLSA claims fell within the scope of the arbitration clause at issue); *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004) (agreement barring collective arbitration does not violate substantive rights under the FLSA, and is enforceable under the FAA); *Bell v. Ryan Transportation Service, Inc.*, __ F.Supp.3d __, 2016 WL 1298083 (D. Kan. Mar. 31, 2016) (holding arbitration agreement provision containing class action waiver was enforceable under the FAA and stating, "[t]he court firmly believes that the Tenth Circuit, if faced with this issue,

would similarly" find the same). Because Plaintiff's FLSA wage claims are expressly within the scope of the Arbitration Agreement and arbitration of such claims is permissible regardless of collective action allegations, they must be arbitrated. *See United Steelworkers of Am., 363 U.S. at 582-8; see also Pollard v. ETS PC, Inc.*, __ F.Supp.3d __, 2016 WL 2983530 (D. Colo. May 16, 2016) (requiring each plaintiff, if choosing to pursue his FMLA claim, to individually arbitrate with the defendant).

Although the Arbitration Agreement was executed between Plaintiff and GGFC, Plaintiff's claims against *all* Defendants are subject to arbitration. The Arbitration Agreement specifically encompasses "affiliates, successors, heirs, and assigns" of GGFC and all claims "against Genghis Grill's directors, employees, or agents." [Arbitration Agreement, ¶1 Exh. 1-2] *See Pollard*, 2016 WL 2983530 at *4 (finding FLSA claims against non-signatory affiliates were arbitrable).

To the extent that the Arbitration Agreement does not expressly encompass claims against these Defendants, they are still within the scope of the Agreement because they are factually intertwined with her claims against GGFC. *See Lenox MacLaren Surgical Corp., v. Medronic, Inc.*, 449 Fed. App'x 704 (10th Cir. Nov. 15, 2011) ("The question who may be bound to an arbitration provision is governed by state law relating to contracts in general."); *see also Hill v. GE Power Systems, Inc.*, 282 F.3d 343 (5th Cir. 2002) (claims against a non-signatory are arbitrable where they are based on the same operative facts as claims against the signatory); *In re Prudential Sec. Inc.*, 159 S.W.3d 279, 283 (Tex.App.-Houston [14th Dist.] 2005, orig. proceeding) (for a claim to be arbitrable, "the allegations need only be factually intertwined with arbitrable claims or otherwise touch upon the subject matter of the agreement containing the arbitration provision."); *Ascendant Anesthesia, PLLC v. Abazi*, 348 S.W.3d 454,

462-63 (Tex. App.-Dallas 2011). Plaintiff bases her claims on factual allegations applying to all Defendants collectively, under a joint enterprise theory. [Complaint, ¶9] Because each FLSA claim against each Defendant is based on the same alleged policies and practices, they are factually intertwined such that they are all within the scope of the Arbitration Agreement.

## IV.
## CONCLUSION

The FAA requires this Court to compel arbitration because the Arbitration Agreement is valid under Texas law and Plaintiff's claims fall within its scope. Accordingly, the Court should stay this litigation pending the completion of arbitration.

Respectfully submitted,

s/John B. Brown
JOHN B. BROWN
Texas Bar No. 00793412
john.brown@ogletreedeakins.com
STEPHANIE J. MANNING
Oklahoma Bar No. 18741
Texas Bar No. 24099422
stephanie.manning@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX 75225
214.987.3800
214.987.3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2016, I filed the foregoing with the Clerk of the Court using the ECF filing system, which will send notification of such filing to the following:

Daniel Woska
Brandon M. Wise
Joseph Peiffer

s/ John B. Brown
John B. Brown

25357666.1